# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SENRICK SHERN WILKERSON, ID # 10093432, Petitioner, vs. DALLAS COUNTY DISTRICT COURTS, Respondents. | ) ) ) ) ) ) ) ) | No. 3:17-CV-2436-M-BH<br><br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is *Petitioner's Pro Se Motion for the Court to Order the Dallas County Criminal District Court No. 3 to Rule on His Properly Filed Motions Pursuant to Rule 64B*, received on September 11, 2017 (doc. 2). Based on the relevant filings and applicable law, the motion has been liberally construed as a petition for writ of mandamus, and it should be **DISMISSED** as frivolous.

## I. BACKGROUND

On May 14, 2013, Senrick Shern Wilkerson (Petitioner), a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2010 Dallas County convictions for compelling prostitution, sexual assault of a child, and sexual performance of a child in Cause Nos. F08-60213, F10-01183, and F10-01184. *See Wilkerson v. Thaler*, No. 3:13-CV-1694-M (N.D. Tex.), doc. 3. On June 3, 2013, his habeas petition was dismissed without prejudice for failure to exhaust state court remedies. (*See id.*, docs. 23, 40, 41.) Petitioner subsequently challenged his convictions in state and federal habeas proceedings. *Ex parte Wilkerson*, Nos. 77,138-14 and -15 (Tex. Crim. App. September 11, 2013) (denying state applications); *Wilkerson v. Baggett*, No. 3:14-CV-0476-P (N.D. Tex. March

5, 2015) (denying federal application), *aff'd*, *Wilkerson v. Stephens*, No. 15-10228 (5th Cir. February 4, 2016). Four years later, he filed a post-judgment motion in his closed habeas case seeking an order compelling state courts to rule on post-conviction motions in his state criminal cases. (*See* doc. 2.) By order dated September 13, 2017, the filing was liberally construed as a petition for writ of mandamus and opened as a new civil case. (*See* doc. 3.)

## II. PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, one must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III. MANDAMUS

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). This Court is therefore without power to order the respondent to rule on the petitioner's motions in his criminal cases, and his mandamus petition is subject to dismissal as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

## IV. RECOMMENDATION

The petition for writ of mandamus should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b).

**SIGNED this 10th day of October, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE